934 F.2d 46
 37 Cont.Cas.Fed. (CCH) 76,107
 Joe LEITMAN, d/b/a J.L. Surplus Sales, Surplus Sales,
Plaintiffs-Appellants,
v.
Lieutenant General C. McAUSLAND, U.S.A.F. Director, Defense
Logistics Agency, Colonel Raymond Agnor, U.S.A.F. Commander,
Defense Reutilization and Marketing Service, Bruce W. Baird,
Counsel and Debarring Official Defense Logistics Agency
Reutilization Marketing Service, Defendants-Appellees.
 No. 90-1823.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 7, 1991.
Decided May 21, 1991.
As Amended June 3, 1991.
 
 1
 Edward Leslie Cox, Cox and Cox, Virginia Beach, Va., for plaintiffs-appellants.
 
 
 2
 Michael Anson Rhine, Office of U.S. Atty., Norfolk, Va., argued (Theodore R. Pixley, Jr., Chief Trial Atty., Defense Reutilization and Marketing Service, Battle Creek, Mich., on brief), for defendants-appellees.
 
 
 3
 Before SPROUSE and WILKINSON, Circuit Judges, and MULLEN, District Judge for the Western District of North Carolina, sitting by designation.
 
 MULLEN, District Judge:
 
 4
 Appellants Joe Leitman and J.L. Surplus Sales filed a complaint on 27 April 1990, challenging an administrative decision dated 8 February 1990, debarring appellants for three years from purchasing surplus and foreign excess personal property from the federal government. The district court affirmed the agency findings and denied the requested injunction against the debarment. Appellants filed a timely appeal challenging the dismissal of the complaint by the district court. Having reviewed the issues raised by appellants, we affirm the judgment of the district court.
 
 I.
 
 5
 Appellant Joe Leitman owns and operates J.L. Surplus Sales, whose business consists primarily of purchasing surplus property from the Department of Defense for later resale. Appellee Bruce W. Baird is counsel for the Defense Logistics Agency and the Defense Reutilization and Marketing Service. Appellee Baird served as the hearing officer at the debarment proceedings against appellants. Appellee Colonel Raymond Agnor commands the Defense Reutilization and Marketing Service, which is the primary field level operation for the Defense Logistics Agency and which conducts the surplus sales. Appellee Lieutenant General C. McAusland supervises the Defense Logistics Agency, under which the Defense Reutilization and Marketing Service operates. The Defense Logistics Agency is a subdivision of the Department of Defense.
 
 
 6
 Appellant Baird's notice of debarment of appellants dated 8 February 1990 based its decision on three incidents of anticompetitive collusive bidding. Appellee Baird first found that on 24 March 1987, Leitman entered into a collusive bidding agreement by obtaining an agreement from another bidder not to bid against him on Lot 133. Second, Baird found that on 10 August 1987, Leitman made an agreement with another potential bidder that he would not bid against the other bidder on certain lots and that the other bidder would not bid against Leitman on other lots. Finally, Baird found that on 24 September 1987, Leitman entered into a collusive bidding agreement with Alan Hyman under which Leitman would not bid against Hyman on certain items and in exchange would receive a portion of the profits from the resale.
 
 
 7
 Appellee Baird reached his decision after a hearing on these matters. Appellants were present and represented by counsel. David Norris represented the government at the hearing, and Baird served as the hearing officer. The government presented two witnesses for testimony and introduced several written exhibits. Leitman testified on his own behalf.
 
 
 8
 In a decision after the close of the hearing, Baird issued a notice of debarment on the three grounds set forth above. He concluded that this misconduct by Leitman provided a reason for debarment under Federal Acquisition Regulation 9.406-2(c).[1] Baird found that appellant J.L. Surplus Sales was an affiliate of Leitman and also debarred J.L. Surplus Sales.[2]
 
 
 9
 Appellants requested reconsideration of the order of debarment, including a reduction of the three-year debarment period. Baird denied the request for reconsideration.
 
 II.
 
 10
 This court reviews the decision of the administrative agency on the same standard applied by the district court. Pursuant to 5 U.S.C. Sec. 706, a reviewing court shall set aside agency action that is found to be arbitrary, capricious, an abuse of discretion, contrary to law or unsupported by substantial evidence.[3]
 
 
 11
 The procedures for debarment are found in 48 C.F.R. Secs. 9.04, et seq. They provide in pertinent part that a purchaser can be debarred for, among other reasons, conviction of or civil judgment for a violation of a federal or state antitrust statute relating to the submission of offers or "any other cause of so serious or compelling a nature that it affects the present responsibility of a government contractor or subcontractor." 48 C.F.R. Sec. 9.406-2(a)(2) and 9.406-(2)(c).
 
 III.
 
 12
 Appellants have raised five challenges to the order of debarment and affirmance by the district court. The court will discuss these grounds seriatim.
 
 A. Role of Baird as Hearing Officer
 
 13
 Appellants argue that Baird violated provisions of the Administrative Procedure Act (APA) by acting as both prosecutor and debarring official at the hearing. Appellants base this argument on 5 U.S.C. Sec. 554(d), which provides that an employee engaged in the investigative or prosecution functions for an agency in a case may not participate in the decision on that or a factually related case. Appellants argue that Baird took over the role of prosecuting officer at the hearing and initiated an ex parte communication in violation of 5 U.S.C. Sec. 554(d)(1).
 
 
 14
 It is not clear from the record and briefs whether 5 U.S.C. Sec. 554 applies to this case. The statute states that it applies in a case of an "adjudication required by statute to be determined on the record after opportunity for an agency hearing...." 5 U.S.C. Sec. 554(a). The parties have shown no statute requiring the debarment hearing to be on the record; however, a judicial gloss has found that these provisions also apply to certain hearings required by the Constitution, rather than a statute. Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616 (1950).[4] In this case, the court can avoid the thorny issue of whether an adjudication on the record complying with 5 U.S.C. Sec. 554 is constitutionally mandated by assuming, without deciding, that the statute applies to this case.
 
 
 15
 Reviewing the transcript of the hearing, the court finds that Baird did participate in the questioning of witnesses; however, David Norris represented the government at the hearing and served as the prosecuting officer. Baird's questioning was similar to that generally permitted a trial judge. Most of his questions were asked for clarification or to move the proceedings along. His questioning was not so extensive as to place him in the position of prosecuting officer, as claimed by appellants.
 
 
 16
 Appellants also challenge the actions of Baird regarding the transcript of a telephone conversation, which was evidence of one of the collusive bidding agreements. At the hearing, counsel for appellants argued that the telephone conversation had been improperly recorded and was inadmissible because of a Virginia statute. Baird stated that he would check with officials to see whether the taping had been authorized and that he would let the parties know his findings. Baird satisfied himself that proper clearance had been obtained, but did not notify appellants as to his inquiry and the response prior to issuing a notice of debarment.
 
 
 17
 Appellants claim that Baird should not have considered the transcript of the telephone conversation because Leitman was unaware that the conversation was being recorded. Therefore, according to appellants, the transcript could not be admitted into evidence pursuant to Va.Code Sec. 8.01-420.2.[5]
 
 
 18
 A state evidentiary rule, such as that cited by appellants, does not control admissibility of evidence in federal proceedings. See, e.g., United States v. Horton, 601 F.2d 319 (7th Cir.), cert. denied, 444 U.S. 937, 100 S.Ct. 287, 62 L.Ed.2d 197 (1979); United States v. Keen, 508 F.2d 986 (9th Cir.1974), cert. denied, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975). In a hearing before a federal agency, federal procedural law would apply. Under federal law, it was sufficient that one party to the conversation, in this case, the government's informant, knew that the conversation was being taped. 18 U.S.C. Sec. 2511(2)(c).
 
 
 19
 Baird noted that he would check with officials regarding the clearance given for the taping, apparently unaware that the recording was permissible simply because the informant was aware that the conversation was being recorded. The clearance that Baird checked for and later failed to notify the parties of was immaterial in light of the federal statute on the matter. Therefore, any failure by Baird to notify the parties as promised, although regrettable, was harmless error. Therefore, the court finds no merit in this challenge.
 
 B. Lack of Sworn Testimony
 
 20
 Appellants complain that there was a total lack of sworn testimony upon which Baird could base his decision. Appellants argue that the APA requires that an oath be administered to the witnesses. At the proceeding, Baird did not administer an oath, but warned all witnesses that any representations made in the proceedings were official statements subject to the penalties for false statements provided in 18 U.S.C. Sec. 1001. Appellants made no objection to this procedure at the hearing.
 
 
 21
 Again assuming for sake of argument that the statute applies to this proceeding, it provides only that the officer proceeding at the hearing "may" administer oaths and affirmations. 5 U.S.C. Sec. 556(c)(1).
 
 
 22
 The APA does not require that the testimony received be sworn under oath. Baird's warnings of the penalties for a false statement were clearly sufficient to notify witnesses of the gravity of the hearings and the need for complete truth. Furthermore, appellants raised no objection to the proceeding and make no offer of evidence that would have been different had the testimony been sworn under oath. Therefore, the court finds no error in this portion of the proceeding.
 
 
 23
 C. Lack of Conviction or Judgment on the Agreements
 
 
 24
 Appellants' third ground for reversal is that Baird could not base a debarment upon any collusive bidding agreement without a conviction or civil judgment on the agreement. This argument is without merit.
 
 
 25
 48 C.F.R. Sec. 9.406-2 provides alternative causes for debarment. Section (a) allows debarment upon conviction of or civil judgment for various acts, including violation of certain federal or state antitrust statutes. Baird based his debarment of appellants upon 48 C.F.R. Sec. 9.406-2(c), which permits debarment for "any other cause so serious or compelling a nature that it affects the present responsibility of a contractor...." The different causes for debarment are important and are divided under the regulation because conviction of or civil judgment for a charge listed in the regulation allows a debarment without any hearing. 48 C.F.R. Sec. 9.406-3(b)(2). The regulations understandably allow a conviction or civil judgment to provide the basis for a debarment with no further proceedings. This is why section (a) of 48 C.F.R. Sec. 9.406-2, dealing with convictions or judgments, is set apart from section (c), which was relied upon by Baird. This statutory structure and the language of the regulations clearly do not envision a requirement that a conviction or civil judgment be obtained before a debarment proceeding based on collusive bidding agreements be initiated. The appellants' argument on this point warrants no further consideration.
 
 D. Lack of Overt Act
 
 26
 Appellants have argued that Baird failed to find an overt act in furtherance of the collusive bidding agreements and that such a finding is necessary for the debarment.
 
 
 27
 It does not appear from the record that appellants raised this point at the debarring proceedings. In any event, the court finds that no overt act is required under the regulations. The collusive bidding agreement itself is sufficient to satisfy the requirements of 48 C.F.R. Sec. 9.406-2(c). Simply entering into a collusive bidding agreement is sufficient ground for debarment from participating in surplus sales. There is no criminal charge of a conspiracy here, which might raise a requirement for an overt act in furtherance of the conspiracy.
 
 
 28
 E. Substantial Evidence to Support the Decision
 
 
 29
 Finally, appellants argue that there was not substantial evidence for the findings by Baird of three collusive bidding agreements. Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Consolidated Edison Co. v. NLRB, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Appellants argue that all the evidence before Baird was mere hearsay, which is insufficient to support the decision of the agency.
 
 
 30
 It is undisputed that an adjudicative official at an administrative hearing can consider hearsay. Evosevich v. Consolidated Coal Co., 789 F.2d 1021 (3d Cir.1986); Williams v. U.S. Dept. of Trans., 781 F.2d 1573 (11th Cir.1986). It is also clear that hearsay alone may not be sufficient as a substantial basis for a decision. Consolidated Edison Co. v. NLRB, 305 U.S. at 230, 59 S.Ct. at 217. The Supreme Court has explained that hearsay has not been rejected for consideration at administrative hearings, but only hearsay without a basis in evidence having rational probative value. Richardson v. Perales, 402 U.S. at 407, 91 S.Ct. at 1430.
 
 
 31
 Upon review of the transcript and exhibits, it is clear that there is more than a substantial basis for each of the three determinations by Baird. First, Special Agent Christensen and informant Lusk gave testimony about the collusive bidding agreement on 24 March 1987. They reviewed their debriefing notes and stated that the notes were true and accurate. They were subject to cross-examination. Baird did not accept their testimony in toto, but found that as a result of the collusive agreement, Leitman purchased only one lot rather than the several lots detailed in the debriefing notes. On this charge, Baird based his opinion not only on the debriefing notes, but on the testimony of the witnesses and their identification and verification of the debriefing notes. The fact that he accepted only a portion of their testimony does not negate the use of other portions of their testimony. Thus, the portions accepted by Baird provide a sufficient basis for the decision.
 
 
 32
 The evidence on the second charge of a collusive bidding agreement on 10 August 1987 was the testimony of informant Lusk, who identified the transcript of the telephone conversation in which the agreement was made. He stated that the transcript was true and accurate. Lusk also stated that he recognized the voice on the telephone as that of Leitman. Again, the evidence before Baird was more than hearsay. The transcript of the telephone conversation with the live testimony more than adequately provides a substantial basis for the decision that Leitman had entered into a collusive bidding agreement on this date.
 
 
 33
 Finally, regarding the charge of collusive bidding on 24 September 1987, informant Lusk testified that he overheard Leitman reach an agreement with another bidder, Alan Hyman, not to bid on certain items. Lusk also testified that he spoke with Hyman later to verify how the agreement was made. In addition, Lusk identified his debriefing notes and stated that they were true and accurate. The live testimony of Lusk before Baird in itself was substantial evidence supporting the decision. Baird could also have properly considered the debriefing notes identified and verified by Lusk at the hearing. As a result, there is no question but that substantial evidence existed for Baird's conclusion on the third charge of collusive bidding.
 
 
 34
 Appellants complain that, regarding the third charge, the government should have called Alan Hyman himself to testify. The record reflects that appellants made no objection to the absence of Hyman at the hearing, nor did they make an offer of what testimony he could present. Upon this record, the court finds no obligation by the government to call this potential witness.
 
 
 35
 The court finds that there was substantial evidence to support the decision of appellee Baird as to all three charges upon which his decision was based.
 
 IV.
 
 36
 The court has reviewed all claims raised by appellants and finds no basis for overturning the decision of the agency in its debarment proceedings. Therefore, the decision of the district court affirming the agency determination is
 
 
 37
 AFFIRMED.
 
 
 
 [1]
 The regulation is found in 48 C.F.R. Sec. 9.406-2(c) and provides for a debarment for "[a]ny other cause of so serious or compelling a nature that it affects the present responsibility of a government contractor or subcontractor."
 
 
 [2]
 Appellants have not challenged the portions of the debarment decision finding that Leitman controls or has the power to control J.L. Surplus Sales and that, if Leitman was properly debarred, then J.L. Surplus Sales was also properly debarred
 
 
 [3]
 The statute provides in part that the reviewing court shall hold unlawful and set aside agency action, findings and conclusions found to be--
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 (B) contrary to constitutional right, power, privilege, or immunity;
 (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
 (D) without observance of procedure required by law;
 (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
 (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
 5 U.S.C. Sec. 706(2).
 
 
 [4]
 In Wong Yang Sung, the Supreme Court concluded that the APA provisions applied to an administrative hearing regarding deportation. It found that the statute excepted only hearings of less than statutory authority and applied to hearings required by the Constitution
 
 
 [5]
 Va.Code Sec. 8.01-420.2 provides in part: "No mechanical recording, electronic or otherwise, of a telephone conversation shall be admitted into evidence in any civil proceeding unless all parties to the conversation were aware the conversation was being recorded."